In the Matter of Disciplinary Proceedings Against James W. Bannen, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

James W. Bannen, Respondent.

Supreme Court

*No. 01–3055–D. Decided October 17, 2002.*

2002 WI 117

(Also reported in 652 N.W.2d 107.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney James W. Bannen and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12. That stipulation was accepted by the referee appointed in this matter who then issued a report setting forth the findings of fact and conclusions of law concerning Attorney Bannen's admitted 13 separate counts of misconduct. The referee also adopted the stipulated recommendation that Attorney Bannen's license to practice law in this state should be suspended for a period of three years and that he pay the costs of these proceedings.

¶ 2. We approve the stipulation, accept the referee's report and recommendation, and determine that the seriousness of Attorney Bannen's misconduct warrants the suspension of his license to practice law for three years. We also agree that he should pay the costs of these proceedings totaling $3875.63.

¶ 3. Attorney James W. Bannen was admitted to practice law in Wisconsin in 1974 and has never before been the subject of a disciplinary proceeding. He practices in La Crosse.

¶ 4. On November 15, 2001, the OLR filed a complaint alleging 13 separate counts of misconduct against Attorney Bannen. Bannen filed an answer to that complaint on December 6, 2001, and pursuant to SCR 22.13(3), Attorney Catherine Rottier was ap-

pointed to serve as referee in this matter. Prior to a scheduled hearing counsel for the OLR and Attorney Bannen informed the referee that they had reached a stipulation by which Attorney Bannen conceded that there was sufficient evidence to sustain the OLR's burden of proof with respect to all 13 allegations of misconduct in the complaint:

- Bannen engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c) (two counts).

- Bannen assisted a client in conduct that Bannen knew was criminal or fraudulent in violation of SCR 20:1.2.

- Bannen failed to fully and fairly disclose to the Board of Professional Responsibility[1] (BAPR) all the facts and circumstances pertaining to his alleged misconduct in violation of former SCR 22.07(2) (two counts).

- Bannen failed to fully and fairly disclose to BAPR all facts and circumstances pertaining to his alleged misconduct and made a misrepresentation in a disclosure to BAPR in violation of former SCR 22.07(2) (two counts).

- Bannen failed to hold in trust property of clients or third persons in his possession in connection with the representation in violation of SCR 20:1.15(a).

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process was substantially restructured. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility to the Office of Lawyer Regulation and the supreme court rules applicable to the lawyer regulation system were also revised in part. Some of the conduct underlying this case arose prior to October 1, 2000. However, the complainant in this case will be referred to as the OLR. All references to supreme court rules will be to the current version of the supreme court rules unless otherwise noted.

- Bannen failed to make reasonable efforts to ensure that his firm had in effect measures giving reasonable assurance that the conduct of a non-lawyer employee was compatible with the professional obligations of a lawyer in violation of SCR 20:5.3(a).

- Bannen failed to keep complete records of trust account funds and other trust property in violation of SCR 20:1.15(e).

- Bannen represented a client while his representation was materially limited by Bannen's own interests in violation of SCR 20:1.7(b).

- Bannen failed to keep a client reasonably informed about the status of a matter and explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation in violation of SCR 20:1.4 (two counts).

¶ 5.   Bannen concedes that the OLR has sufficient evidence to sustain its burden of proof with respect to all of the allegations contained in all 13 claims identified in the OLR complaint.

¶ 6.   Pursuant to the parties' stipulation the referee took into account certain mitigating factors in recommending the appropriate discipline to be imposed: Bannen has never previously been the subject of a disciplinary proceeding during his 27 years of practice, there was no evidence that Bannen had benefited personally from the misconduct, and Bannen or his firm has made full restitution to the clients for the losses caused by the misconduct.

¶ 7.   In addition, Bannen expressed remorse for the mistakes he made; while Bannen agreed that he clearly exceeded his authority with respect to some of the misconduct, the referee noted that he did not do so with any venal motive or for personal gain.

¶ 8.    Moreover, it was stipulated that Bannen had cooperated with authorities in an investigation which resulted in thwarting a fraudulent scheme that would have put a client's funds at risk.

¶ 9.    The referee also recognized that many of the allegations against Bannen involved activities that had occurred several years before the BAPR investigation; consequently, Bannen's responses to the investigator's inquiries were compiled from memory and from records which were inadequate and, as Bannen later discovered, fraudulent.

¶ 10.    The referee also noted that it was stipulated that Bannen was unaware of his employee's criminal acts which had resulted in a loss of client funds.

¶ 11.    Other mitigating facts were taken into account by the referee who then adopted the stipulated recommendation that for Bannen's admitted misconduct, his license to practice law should be suspended for a period of three years and that he pay the costs of these proceedings.

¶ 12.    We adopt the findings of fact and conclusions of law set forth in the referee's report based on the parties' stipulation. Bannen's admitted acts are serious failings warranting a suspension of his license even if he did not personally benefit from the misconduct. We conclude a three-year suspension of Bannen's license to practice law is an appropriate discipline for this misconduct. and we direct that he pay the costs of these proceedings.

¶ 13.    IT IS ORDERED that the license of James W. Bannen to practice law in Wisconsin is suspended for a period of three years, effective November 21, 2002.

¶ 14.    IT IS FURTHER ORDERED that James W. Bannen comply with the provisions of SCR 22.26 con-

cerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order James W. Bannen pay to the Office of Lawyer Regulation the costs of this proceeding in the amount of $3875.63. If the costs are not paid within 60 days, and absent a showing to this court of his inability to pay the costs within that time, the license of James W. Bannen to practice law in Wisconsin shall remain suspended until further order of this court.